**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**DUANE KIRK BELGARDE,**

Plaintiff,

v.

**NICOLE MORISSEY O'DONNELL, *et al.*,**

Defendants.

Case No. 3:26-cv-1720-YY

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued an Order in this case on August 20, 2026. Judge You concluded that Plaintiff's purported petition for a writ of habeas corpus is in substance a case asserting claims under 42 U.S.C. § 1983, and required Plaintiff to file a request to proceed *in forma pauperis* or pay his filing fee and file a § 1983 complaint.

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When a party timely objects to a magistrate judge's findings and recommendations concerning a

dispositive motion, the district judge must make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (cleaned up)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (same).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Count. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

Plaintiff argues that Judge You ignored facts and claims alleged by Plaintiff in concluding that Plaintiff does not assert a proper habeas petition. Plaintiff contends that his

allegations that Defendants violated Plaintiff's due process and equal protection rights in placing him in disciplinary segregation without any ability to "grieve" or "appeal" his situation equate to a "structural error" that renders his confinement "pun[i]tive." But a failure to provide process relating to disciplinary segregation, even if based on a purported constitutional violation, does not fall within habeas because Plaintiff does not allege that his disciplinary confinement altered the length of his sentence. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that . . . challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [habeas] core and may be brought pursuant to § 1983 in the first instance."); *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) (holding that the conditions of confinement, including disciplinary detention or placement in administrative segregation, must proceed through § 1983 rather than habeas because "if successful, [petitioner] will not necessarily shorten the length of his confinement"). In other words, even if his disciplinary confinement was unlawful, he does not allege that it resulted in a loss of anything related to the duration of his sentence (such as "good time credits" or the like that can serve to reduce the length of a sentence).

Plaintiff also alleges that he was not provided sufficient access to legal materials, that Defendants failed to protect Plaintiff from an assault and were deliberately indifferent in their medical treatment, and that Defendants improperly placed Plaintiff in disciplinary segregation without counsel. But again, these relate to conditions of confinement that would not reduce his sentence and thus must be brought under § 1983. *See Gardea v. Guzman*, 2025 WL 3014555, at *1 (S.D. Cal. Oct. 28, 2025) ("Petitioner does not allege that his requested relief, if granted, would result in his earlier or immediate release from imprisonment . . . . Moreover, to the extent Petitioner's challenge is solely to the loss of privileges and loss of disciplinary free time, any

such challenge is plainly 'to the conditions of his prison life, but not to the fact or length of his custody.'" (citation and footnote omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)).

The Court OVERRULES Plaintiff's objections (ECF 6) and AFFIRMS Judge You's nondispositive Order (ECF 4). To proceed with this case, Plaintiff must: (1) either pay the $405.00 civil filing fee for this action or file an *in forma pauperis* application; and (2) file a complaint on the Court's form 42 U.S.C. § 1983 prisoner complaint form.

**IT IS SO ORDERED.**

DATED this 15th day of September, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge